IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE TOWNSEND, #B-19179,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CANTINA FOOD SERVICES,** )<br>**WEXFORD MEDICAL SOURCES,** )<br>**VIPIN SHAH and SUZANN BAILEY,** )<br>)<br>**Defendants.** ) | **Case No. 15-cv-01078-MJR** |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Willie Townsend is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). He brings this action pursuant to 42 U.S.C. § 1983 for several alleged violations of his constitutional rights at Pinckneyville (Doc. 1). Plaintiff's claims arise from the denial of adequate medical treatment for a neck lipoma, the denial of a soy-free diet, and the denial of breakfast at Pinckneyville. Plaintiff now sues Cantina Food Services ("Cantina"), Wexford Medical Sources ("Wexford"), Suzann Bailey (food services administrator), and Vipin Shah (Pinckneyville doctor) for violating his Eighth and Fourteenth Amendment rights. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

### The Complaint

Plaintiff raises three sets of claims in his complaint. The first pertains to the denial of medical care for a growth, which Plaintiff refers to as a lipoma, on his neck. The second arises from the soy diet that Plaintiff receives at Pinckneyville. The third relates to the prison's "two-meal-per-day" policy. The factual allegations giving rise to each set of claims is separately addressed below.

### 1.     Lipoma

Since being taken into custody by the Illinois Department of Corrections, Plaintiff has suffered from neck pain, back pain, and headaches that he attributes to a large growth on his neck. (*Id*. at 5). Plaintiff believes he has cancer. He has repeatedly seen Doctor Shah in Pinckneyville's health care unit about the growth. Each time, Plaintiff requests a referral to an outside specialist. He explains that the growth causes "extreme pain" that lasts up to ten hours per day and also prevents him from sleeping comfortably on his right side. Despite these ongoing complaints, Doctor Shah refuses to refer Plaintiff to an outside specialist or treat the condition. Instead, he tells Plaintiff to "lose weight and drink more water." (*Id*.).

Plaintiff has complained directly to Wexford about the growth, but Wexford ignores his complaints. He has filed grievances with Wardens Lashbrook and Betsy Spiller, but they, too, refuse to respond. Plaintiff now sues Doctor Shah, Wexford, Warden Lashbrook, and Warden Betsy Spiller for conspiring to violate his rights under the Eighth and Fourteenth Amendments by denying him medical care for the growth on his neck.

### 2.     Soy Diet

Since arriving at Pinckneyville in 2013, Plaintiff has received a diet that is high in soy. (*Id.*).  He blames this diet for a number of health conditions that he has developed, including "extreme gas, severe constipation, fatigue, severe stomach pains, and l[e]thargy."  (*Id.*). Plaintiff suffers from constipation that lasts up to five days and causes painful bowel movements.  He has asked Doctor Shah to order a soy-free diet, but the doctor refuses.  Instead, Doctor Shah tells Plaintiff to "drink more water."  (*Id.* at 5).  Plaintiff has also filed numerous grievances with Defendants Shah, Bailey, and Wexford to complain about the diet and its negative health consequences.  There, he points out that female inmates no longer receive a soy diet because they won a lawsuit challenging the decision to adopt the diet.  To date, the defendants have ignored Plaintiff's grievances about this issue.  Plaintiff now asserts a claim against Bailey, Shah, Wexford, Cantina, and Warden Lashbrook for conspiring to violate his Eighth and Fourteenth Amendment rights by serving him a diet that is high in soy.  (*Id.*).

### 3.     "Two-Meal-Per-Day" Policy

Pinckneyville serves no breakfast.  (*Id.* at 7).  Inmates are instead served brunch at 10:00 a.m. and dinner at 4:00 p.m.  Plaintiff is required to go without food for up to eighteen hours at a time.  As a result, he suffers from severe hunger pains.

Plaintiff maintains that the two meals are nutritionally inadequate.  (*Id.* at 6-7). Together, they total 1,600 calories. (*Id.* at 7).  Plaintiff has two options.  He can either wait up to eighteen hours for his next meal or supplement his diet with food from the commissary.

Purchasing breakfast from the commissary costs $2.00.  Plaintiff points out that the prison would make $4,000.00 per day if each of its 2,000 inmates purchased breakfast. According to Plaintiff, the "two-meal-per-day" policy amounts to nothing more than a money-

making scheme on the part of Bailey, Warden Lashbrook, Cantina, and Director Wilson, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* complaint into the following seven (7) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** **Eighth Amendment deliberate indifference to medical needs claim against Shah, Wexford, Lashbrook, and Spiller for failing to treat Plaintiff's lipoma;**

**Count 2:** **Eighth Amendment claim against Bailey, Shah, Wexford, Cantina, and Lashbrook for endangering Plaintiff's health by serving him a soy diet and/or refusing to order him a soy-free diet;**

**Count 3:** **Eighth Amendment claim against Bailey, Cantina, Lashbrook, and Wilson for endangering Plaintiff's health by adopting and implementing a "two-meal-per-day" policy that deprived Plaintiff of a nutritionally adequate diet;**

**Count 4:** **Conspiracy claim against Shah, Wexford, Lashbrook, and Spiller for depriving Plaintiff of adequate medical care;**

**Count 5:** **Conspiracy claim against Bailey, Shah, Wexford, Cantina, and Lashbrook for serving Plaintiff a diet high in soy;**

**Count 6:** **Conspiracy claim against Bailey, Cantina, Lashbrook, and Wilson for attempting to generate revenue by adopting and instituting a "two-meal-per-day" policy at Pinckneyville; and**

**Count 7:** **Fourteenth Amendment claim against the defendants.**

## Claims Subject to Further Review

Several claims survive preliminary review under § 1915A and shall receive further consideration.  **Count 1** shall proceed against **Shah** and **Wexford**, but not Lashbrook or Spiller.  **Count 2** shall proceed against **Bailey**, **Shah**, and **Wexford**, but not Cantina or Lashbrook.  Finally, **Count 3** shall proceed against **Bailey**, but not Cantina, Lashbrook, or Wilson.

Lashbrook, Spiller, and Wilson are not defendants in this action; therefore no claims can proceed against them.  To make someone a party, the plaintiff must list his or her name in the caption.  *See* FED. R. CIV. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties").  Plaintiff failed to list the names of these three individuals in the case caption *and* in the list of defendants.  Under the circumstances, this Court will not treat Lashbrook, Spiller, or Wilson as defendants, and any claims against them should be considered dismissed without prejudice.  *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif]ied] in the caption").

Although Plaintiff lists Cantina as a defendant in the case caption, the complaint states no claim against this defendant.  In the context of § 1983, a private corporation that performs functions on behalf of the state is "acting under color of state law," and is treated the same as a municipal entity.  *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002).  A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation.  *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).  Nowhere in the complaint does Plaintiff allege that Cantina was responsible for any policy that resulted in a deprivation of Plaintiff's constitutional rights, such as a policy adopting a soy diet for inmates, limiting meals to

twice each day, or limiting the diet to 1,600 calories per day. Further, there is no allegation suggesting that any individual acted or failed to act as a result of such a policy espoused by Cantina. Given this, Cantina shall be dismissed from this action without prejudice.

### Claims Subject to Dismissal

### Counts 4, 5, & 6 – Conspiracy

Plaintiff maintains that Shah, Wexford, Lashbrook, and Spiller conspired to deprive him of adequate medical care (**Count 4**), that Bailey, Shah, Wexford, Cantina, and Lashbrook conspired to serve him a soy diet (**Count 5**), and that Bailey, Cantina, Lashbrook, and Wilson instituted the "two-meal-per-day" policy in order to generate revenue in the prison's commissary (**Count 6**). All three conspiracy claims fail.

The complaint offers insufficient allegations in support of these claims. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). The agreement "may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999)). However, the mere mention of a conspiracy is insufficient to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead

"enough facts to state a claim to relief that is plausible on its face"). The allegations do not suggest that there was an agreement on the part of any particular group of defendants to violate Plaintiff's constitutional rights. Plaintiff's reliance on bald assertions or conclusory allegations of a conspiracy gets him nowhere. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009). Counts 4, 5, and 6 are subject to dismissal on this basis alone.

Additional grounds exist to dismiss Count 6. The complaint fails to articulate a viable conspiracy claim against Defendants for allegedly implementing the "two-meal-per-day" policy at Pinckneyville in order to generate revenue in the prison's commissary. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

The complaint alleges that the purpose of this particular "conspiracy" is to force inmates to purchase food at the commissary. This scheme is aimed at taking inmates' money. However, Plaintiff did not allege that his money was taken *without due process of law*. Even if the complaint so alleged, there is no cognizable civil rights claim if the state provides an adequate legal remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of the "two-meal-per-day" policy. Where there is no underlying

constitutional claim for this "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of their funds.

For the reasons set forth herein, **Counts 4**, **5**, and **6** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 7 – Fourteenth Amendment

The complaint refers to the Fourteenth Amendment (**Count 7**) but does not explain why. To the extent that Count 7 arises from the defendants' failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim" upon which relief may be granted. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Put differently, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. To the extent that Count 7 refers to some other legal basis for relief, Plaintiff has not included sufficient allegations to support a claim against any particular defendant. *Twombly*, 550 U.S. at 570. Either way, **Count 7** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff has also filed a motion for service of process (Doc. 4), which is hereby **GRANTED in part**, with respect to Defendants **WEXFORD, SHAH,** and **BAILEY,** and **DENIED in part**, with respect to Defendant **CANTINA**.

### Disposition

**IT IS ORDERED** that **COUNTS 4**, **5**, **6**, and **7** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendant **CANTINA FOOD SERVICES** is **DISMISSED** without prejudice.

With respect to **COUNTS 1**, **2**, and **3**, the Clerk of Court shall prepare for **DEFENDANTS WEXFORD MEDICAL SOURCES, VIPIN SHAH,** and **SUZANN BAILEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 28, 2015**

<u>**s/ MICHAEL J. REAGAN**</u>
**Chief Judge,**
**United States District Court**