IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE TOWNSEND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1078-MJR-SCW |
| ) | |
| VIPIN SHAH and ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Confined in Pinckneyville Correctional Center, Willie Townsend filed a pro se suit in this Court under 42 U.S.C. 1983, alleging that two Defendants (Dr. Vipin Shah and Wexford Health Sources) violated his federally-secured constitutional rights by their deliberate indifference to his serious medical needs. Specifically, Townsend alleged that Defendants deprived him of adequate medical treatment for a neck lipoma[1] and wrongfully refused to order him a soy-free diet. On July 8, 2016, the undersigned denied Townsend's motion for preliminary injunction, which asked the Court to order the immediate surgical removal of Townsend's lipoma.

On July 21, 2016, Townsend filed "Motion to Reconsider" that denial (Doc. 51). The Federal Rules of Civil Procedure do not explicitly provide for motions to reconsider. Motions in civil actions asking the district court to reconsider *final* orders or

---

[1] Lipomas are "benign fatty tumors that form under the skin." *Gallo v. Sood*, -- Fed. App'x --, 2016 WL 3081952 (7th Cir. June 1, 2016).

judgments are analyzed under Federal Rule of Civil Procedure 59(e) (motions to alter or amend judgment) or Rule 60(b) (motions for relief from a final judgment or order). *See Abcarian v. McDonald,* 617 F.3d 931, 943 (7th Cir. 2010). Whether a motion is construed under Rule 59(e) or Rule 60(b) depends on the date the motion was filed (a 28-day deadline governs Rule 59(e) motions) and the substance of the motion, not the label on the motion. *Banks v. Chicago Bd. of Educ.,* 750 F.3d 663, 666 (7th Cir. 2014); *Obriecht v. Raemisch,* 517 F.3d 489, 493-94 (7th Cir.), *cert. denied,* 555 U.S. 953 (2008); *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006).[2]

Motions to reconsider *interlocutory* (non-final) orders invoke the district court's broad inherent and discretionary powers, such as the general authority in Rule 54(b) to revise "at any time before the entry of … judgment" an order that adjudicates fewer than all claims, rights, and liabilities in a case. *See, e.g., Galvan v. Norberg,* 678 F.3d 581, 587 n.3 (7th Cir. 2012). Motions to reconsider non-final orders are appropriately granted where the court "patently misunderstood a party," the court decided an issue outside the boundaries of the controversy presented by the parties, or there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

---

[2] Rule 59(e) motions serve a limited function – to correct manifest errors of law or fact or to present newly discovered evidence. *Seng-Tiong Ho v. Taflove,* 648 F.3d 489, 505 (7th Cir. 2011); *Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014); *Boyd v. Tornier, Inc.,* 656 F.3d 487, 492 (7th Cir. 2011). Rule 59(e) motions may not be used to rehash previously rejected arguments, *Vesely,* 762 F.3d at 667, *citing Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000), or to advance arguments that could have been made before the district court rendered judgment, *Sigsworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007).

The Seventh Circuit has noted that these circumstances "rarely arise, and the motion to reconsider should be equally rare." *Bank of Waunakee,* **906 F.2d at 1191.**

As to the July 8th denial of preliminary injunctive relief in the case at bar, Plaintiff Townsend has not shown that the undersigned patently misunderstood the parties, that the undersigned resolved an issue beyond the boundaries of the controversy presented in this case, or that any significant change in the law or facts occurred *since* the Court ruled. Plaintiff does not really even argue that. Rather, he has gathered and now wants to submit additional medical records and exhibits (e.g., cumulative counseling summaries, an affidavit from a cellmate, etc.) to support the argument that he needs immediate surgery to remove the lipoma. He also disputes the representation of Pinckneyville staff that he ever said he had had the lipoma for ten years.

As to the latter, a motion to reconsider is not a vehicle to rehash arguments previously presented to the Court. As to the additional evidence Plaintiff has compiled, that conceivably could be presented as a fresh motion or might support his argument for later injunctive relief, if he prevails on the merits of his claims. But it does not warrant reversal of the ruling the Court made on the evidence in the record on July 8th. For all these reasons, the Court **DENIES** Plaintiff's motion to reconsider (Doc. 51).

IT IS SO ORDERED.

DATED July 22, 2016.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge